# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

**Case Title:** Angel Yussef Solis

**Case No.:** 20-24665 - E - 7
**Docket Control No.** JHW-1
**Date:** 12/10/2020
**Time:** 10:00 AM

**Matter:** [15] - Motion for Relief from Automatic Stay [JHW-1] Filed by Creditor ACAR Leasing LTD (Fee Paid $181) (eFilingID: 6869903) (hlum)

**Judge:** Ronald H. Sargis
**Courtroom Deputy:** Nancy Williams
**Reporter:** Diamond Reporters
**Department:** E

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

### CIVIL MINUTES

Motion Granted

See Findings of fact and conclusions of law below

**The court will issue an order.**

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor (*pro se*), Chapter 7 Trustee, parties requesting special notice, and Office of the United States Trustee on October 22, 2020. By the court's calculation, 49 days' notice was provided. 28 days' notice is required.

     The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion). The defaults of the non-responding parties and other parties in interest are entered.

## The Motion for Relief from the Automatic Stay is granted.

ACAR Leasing LTD dba GM Financial Leasing ("Movant") seeks relief from the automatic stay with respect to an asset identified as a 2017 Chevrolet Colorado, VIN ending in 7652 ("Vehicle"). The moving party has provided the Declaration of Lorenzo Nunez to introduce evidence to authenticate the documents upon which it bases the claim and the obligation owed by Angel Yussef Solis ("Debtor"). Debtor is the Lessee.

The Lease was charged off on March 18, 2018 and the account is in default for the entire balance. Declaration, Dckt. 18. As of October 13, 2020, the charge off balance is $31,140.57. Debtor made only ten (10) payments on the lease. *Id.*

**DISCUSSION**

From the evidence provided to the court, and only for purposes of this Motion for Relief, the debt secured by this asset is determined to be $31,140.57 (Declaration, Dckt. 18), while the value of the Vehicle is determined to be $20,203.00, as stated in Schedules A/B and D filed by Debtor.

**11 U.S.C. § 362(d)(1): Grant Relief for Cause**

Whether there is cause under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. *See J E Livestock, Inc. v. Wells Fargo Bank, N.A. (In re J E Livestock, Inc.)*, 375 B.R. 892 (B.A.P. 10th Cir. 2007) (quoting *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003)) (explaining that granting relief is determined on a case-by-case basis because "cause" is not further defined in the Bankruptcy Code); *In re Silverling*, 179 B.R. 909 (Bankr. E.D. Cal. 1995), *aff'd sub nom. Silverling v. United States (In re Silverling)*, No. CIV. S-95-470 WBS, 1996 U.S. Dist. LEXIS 4332 (E.D. Cal. 1996). While granting relief for cause includes a lack of adequate protection, there are other grounds. *See In re J E Livestock, Inc.*, 375 B.R. at 897 (quoting *In re Busch*, 294 B.R. at 140). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *W. Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839 (9th Cir. 1986); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). The court determines that cause exists for terminating the automatic stay, including defaults in post-petition payments that have come due. 11 U.S.C. § 362(d)(1); *In re Ellis*, 60 B.R. 432.[Fn.1.]

------------------------------------------------------
FN. 1. The court notes that on the Statement of Intention filed by Debtor, this lease is listed and the Debtor affirmatively states that he will not be assuming the lease. Dckt. 1 at 61-62.

------------------------------------------------------

The court shall issue an order terminating and vacating the automatic stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Vehicle, to repossess, dispose of, or sell the asset pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, to obtain possession of the asset.

**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 4001(a)(3) stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Movant requests that the court grant relief from the Rule as adopted by the United States Supreme Court.

Movant has pleaded adequate facts and presented sufficient evidence to support the court waiving the fourteen-day stay of enforcement required under Federal Rule of Bankruptcy Procedure 4001(a)(3), and this part of the requested relief is granted.

No other or additional relief is granted by the court.